IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON KENNETH FLOWERS | * | |
| | * | |
| v. | * | Civil Case No. CCB-17-3043 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY[1] | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-dispositive motions, and Mr. Flowers's reply. [ECF Nos. 9, 10, 11]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis.

Mr. Flowers filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 5, 2013, alleging a disability onset date of September 20, 2012. (Tr. 356-66). His applications were denied initially on May 8, 2013, and on reconsideration on December 3, 2013. (Tr. 83-132, 139-42). An Administrative Law Judge ("ALJ") held hearings on March 11, 2016 and September 9, 2016, at which Mr. Flowers was represented by counsel. (Tr. 39-72, 73-82). Following the hearings, the ALJ determined that

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Mr. Flowers was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 18-38). The Appeals Council denied Mr. Flowers's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Mr. Flowers suffered from the severe impairments of bipolar disorder and schizoaffective disorder. (Tr. 23). Despite these impairments, the ALJ determined that Mr. Flowers retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine, repetitive tasks but not at production rate pace. He can have frequent interaction with supervisors and occasional interaction with coworkers and the public. He is able to make simple decisions frequently, but never complex decisions. He is limited to only simple work related decisions. He is limited to simple workplace changes. He can perform work that does not require the satisfaction of production quotas.

(Tr. 25-26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Flowers could perform jobs existing in significant numbers in the national economy. (Tr. 30-31). Accordingly, the ALJ concluded that Mr. Flowers was not disabled. (Tr. 31).

Mr. Flowers disagrees. He raises three primary arguments on appeal: (1) that the ALJ erred in evaluating the medical opinion evidence; (2) that the ALJ erred in assessing Mr. Flowers's subjective assertions of disability, particularly in considering his non-compliance with prescribed medications; and (3) that the ALJ failed to reconcile an inconsistency between the testimony of the VE and the *Dictionary of Occupational Titles* ("DOT"). Because I agree that the ALJ did not adequately analyze the issue of Mr. Flowers's non-compliance with treatment, I recommend that the case be remanded to the SSA for additional explanation. In so recommending, I express no opinion as to whether the SSA's ultimate decision that Mr. Flowers was not entitled to benefits was correct.

Social Security Ruling ("SSR") 16-3p states, in relevant part:

> [I]f the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's

symptoms are inconsistent with the overall evidence of record. We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We may need to contact the individual regarding the lack of treatment or, at an **administrative** proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints. When we consider the individual's treatment history, we may consider (but are not limited to) one or more of the following:

. . . .

- Due to various limitations (such as language or mental limitations, an individual may not understand the appropriate treatment for or the need for consistent treatment of his or her impairment.

- Due to a mental impairment (for example, individuals with mental impairments that affect judgment, reality testing, or orientation), an individual may not be aware that he or she has a disorder that requires treatment.

. . . .

We will explain how we considered the individual's reasons in our evaluation of the individual's symptoms.

SSR 16-3P, 2017 WL 5180304, at *9-10 (S.S.A. Oct. 25, 2017). The protocol proscribed in SSR 16-3p was not followed in this case. Over the course of two administrative hearings, almost no questions were posed to Mr. Flowers. Certainly, neither the ALJ nor counsel ever asked Mr. Flowers about his reasons for noncompliance with prescribed medications. Nevertheless, the ALJ referenced Mr. Flowers's noncompliance in at least eight separate paragraphs of his opinion, and repeatedly suggested that noncompliance with medications essentially caused Mr. Flowers's mental health symptoms. *See, e.g.*, (Tr. 24) ("The medical evidence demonstrates that the claimant's noncompliance with medications primarily exacerbated his symptoms . . . . he does well when compliant and decompensates when not compliant."); (Tr. 25) ("[H]is problems stem from medication noncompliance"); (Tr. 27) ("During his June 2015 hospitalization, it was noted that the claimant's decompensation was due to medical noncompliance."); (Tr. 28) ("[L]ess weight is given to the psychological assessments because the undersigned finds that that

3

[sic] the claimant has greater limitations due to issues with noncompliance."). In light of the degree of reliance on Mr. Flowers's noncompliance in the ALJ's opinion, the ALJ should have followed the dictates of SSR 16-3p to determine whether his noncompliance was willful or whether it was essentially a symptom of Mr. Flowers's severe mental health conditions. I therefore recommend remand to permit the ALJ to provide an appropriate analysis, incorporating the requirements of SSR 16-3p.

As to Mr. Flowers's remaining arguments, it is likely that an appropriate assessment of Mr. Flowers's non-compliance will alter the ALJ's consideration of the various medical opinions in the record. Therefore, assessing the ALJ's present assignments of weight to those medical opinions will not be productive. I note, however, that Mr. Flowers's third argument—that the VE's identification of jobs assigned a reasoning level of 2 or higher in the DOT conflicts with his limitation to "simple, routine, repetitive tasks"—is unavailing. The ALJ in this case did not restrict Mr. Flowers to "one- or two-step instructions," which is the limitation deemed to conflict with a reasoning level of 2 in *Henderson v. Colvin,* 643 F. App'x 273, 276-77 (4th Cir. 2016). Instead, the ALJ's limitation in Mr. Flowers's case, to "simple, routine" work, generally has been deemed consistent with a reasoning level of 2. *See Silver v. Comm'r of Soc. Sec.*, Civil No. SAG-15-3453, 2016 WL 6126298, at *5 (D. Md. Oct. 20, 2017) (collecting cases). Accordingly, the ALJ did not err at step five.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 10];

2. the Court DENY Mr. Flowers's Motion for Summary Judgment [ECF No. 9];

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: June 21, 2018                                             /s/
                                                                        Stephanie A. Gallagher
                                                                        United States Magistrate Judge