# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON KENNETH FLOWERS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. CCB-17-3043 |
| COMMISSIONER, SOCIAL SECURITY, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*

## ORDER

I have reviewed U.S. Magistrate Judge Stephanie A. Gallagher's June 21, 2018 Report and Recommendations [ECF No. 12], the Social Security Administration's ("SSA's") objections [ECF No. 13], and Plaintiff's response [ECF No. 14]. Having conducted a *de novo* review of those portions of the Report and Recommendations to which an objection has been made, I find that the objections lack merit.

The SSA primarily contends that Judge Gallagher's Report and Recommendations "impermissibly shifts the burden in this case" to the SSA by concluding that the Administrative Law Judge ("ALJ") was required to inquire into the reasons for Mr. Flowers's noncompliance with prescribed treatment. [ECF No. 13 at 1]. I disagree. While the claimant bears the burden of proof at the first four steps of the sequential evaluation, it is well established in the Fourth Circuit that "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (citations omitted). Relevant to the instant case, Social Security Ruling 16-3P ("SSR 16-3P") provides that the ALJ "*will not* find an individual's symptoms inconsistent with the evidence in the record on this basis [of noncompliance with treatment] without considering

possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3P, 2017 WL 5180304, at *9 (S.S.A. Oct. 25, 2017) (emphasis added).

As Judge Gallagher observed in her Report and Recommendations, the ALJ in the instant case failed entirely to inquire into the reasons for Mr. Flowers's noncompliance with prescribed medications at any point during the administrative hearings. The ALJ's failure to do so is particularly egregious in light of the ALJ's significant reliance on Mr. Flowers's noncompliance as the basis for his credibility determination. Indeed, Judge Gallagher found that the ALJ "referenced Mr. Flowers's noncompliance in *at least eight separate paragraphs* of his opinion, and repeatedly suggested that noncompliance with medications essentially caused Mr. Flowers's mental health symptoms." [ECF No. 12 at 3]. Based on the particular facts of the instant case, I agree that the ALJ erred by failing to inquire into the reasons for Mr. Flowers's noncompliance with medical treatment.

Accordingly, it is, therefore, this 12th day of September, 2018, ORDERED that:

1. Judge Gallagher's Report and Recommendations, [ECF No. 12], is ADOPTED as an Order of the Court;

2. the Plaintiff's Motion for Summary Judgment, [ECF No. 9], is DENIED;

3. the Defendant's Motion for Summary Judgment [ECF No. 10], is DENIED;

4. the Court REVERSES IN PART the Social Security Administration's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

5. the Court REMANDS this case to the Social Security Administration for further proceedings in accordance with this opinion; and

6. the Clerk of Court shall CLOSE this case.

/s/ CCB
Catherine C. Blake
United States District Judge