**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| CHAMBERS OF | 101 WEST LOMBARD STREET |
|---|---|
| STEPHANIE A. GALLAGHER | BALTIMORE, MARYLAND 21201 |
| UNITED STATES DISTRICT JUDGE | (410) 962-7780 |
| | Fax (410) 962-1812 |

May 29, 2024

LETTER TO COUNSEL

      RE:    *Aaron F. v. Commissioner, Social Security Administration*
                Civil No. SAG-17-3043

Dear Counsel:

      Frederick A. Raab, Esq. has filed a motion requesting attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with the representation of Plaintiff before this Court. ECF 23. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Raab's requested amount constitutes a reasonable fee. ECF 26. Mr. Raab also submitted a supplemental filing at this Court's request, to address the credentials of the attorneys who performed the work in this case. ECF 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, Mr. Raab's motion for attorney's fees is GRANTED.

      On December 7, 2018, this Court awarded Mr. Raab $7,000 for 37 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 22. Plaintiff subsequently received an Award Notice, in which he was awarded past due benefits. ECF 23-5. The SSA withheld twenty-five percent of Plaintiff's past due benefits, amounting to $46,423.50. *Id.* at 5. Mr. Raab filed a Motion for Attorney's Fees, seeking to collect that full amount. ECF 23. Mr. Raab agrees to reimburse Plaintiff the $7,000.00 he received in EAJA fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id.*

      Here, counsel and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay counsel twenty-five percent of all retroactive benefits to which he might become

*Aaron F. v. Commissioner, Social Security Administration*
Civil No. SAG-17-3043
May 29, 2024
Page 2

entitled. ECF 23-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Raab submitted an itemized report documenting the 37 billed hours other attorneys expended before this Court in Plaintiff's case. ECF 17-7. If Mr. Raab receives the full amount of fees he requests, counsels' fee for representation before this Court will effectively total $1,254.69 per hour. Mr. Raab must therefore show that an effective rate of $1,254.69 per hour is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807.

The work in this case was not performed by Mr. Raab at all, but by two attorneys who are not members of this Court's bar, Charles E. Binder and Daniel S. Jones. Mr. Jones has been admitted to practice since 2010, and Mr. Binder has been admitted to practice more than twenty years. Notably, the requested fee results in more than three times the top hourly rate that is presumptively reasonable for attorneys of Mr. Jones's experience pursuant to the fee guidelines appended to the Local Rules of this Court.[1] Although it is customary in Social Security cases for courts to approve significantly higher rates (in this court, often at "slightly more than triple the top hourly rate" in the guidelines), here the requested rate exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. Hourly rates exceeding $1,000 are the exception, not the rule. Here, however, given the length of time this case was pending and the participation of Mr. Binder, who merits a higher hourly rate, this Court finds that the requested award is reasonable as a blended rate. In fact, the requested rate is less than triple of Mr. Binder's guidelines rate. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS Mr. Raab's request for attorney's fees, ECF 23. This Court will award counsel attorney's fees totaling $46,423.50, and counsel should reimburse to Plaintiff the $7000 received pursuant to the EAJA.

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2023). For attorneys admitted to the bar for between nine to fourteen years, like Mr. Jones, who performed the vast majority of the work in this case, ECF 23-4, the presumptively reasonable hourly rate is between $225.00 and $350.00 per hour. Loc. R. App. B (D. Md. 2023). Based on his years of experience, Mr. Jones merits the high end of the range. For attorneys admitted to the bar for more than twenty years, like Mr. Binder, the range is $300 to $475 per hour. Given Mr. Binder's experience, he would merit the high end of the range.

*Aaron F. v. Commissioner, Social Security Administration*
Civil No. SAG-17-3043
May 29, 2024
Page 3

     Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                          Sincerely yours,

                                                  /s/

                                          Stephanie A. Gallagher
                                          United States District Judge